[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
STATEMENT OF FACTS
On or about January 11, 1988, the police department of the City of Milford responded to a call from the neighbors of Ludmilia Ouchakoff, whose address was 19 Liberty Street, Milford, Connecticut. The police found the body of Ludmilia Ouchakoff at the residence of 19 Liberty Street, Milford, Connecticut. Officer Gregory Kopazna of the department identified the deceased as Ludmilla Duchakoff and so advised Probate Judge Bernard Joy and a representative of the Doyle Funeral Home.
The body of Ludmilia Ouchakoff was transported to the Milford Hospital where she was pronounced dead. Ludmilia Ouchakoff was found to have died from natural causes. There was no known next of kin of Ludmilia Ouchakoff and therefore, the deceased was to be transported to a funeral home in Milford for final disposition. It is the policy of funeral homes in Milford to accept from the city, on a rotating basis, the remains of decedents with no known next of kin for final disposition.
The Doyle Funeral Home transported the remains of Ludmilia Ouchakoff from Milford Hospital to the funeral home. The Doyle Funeral Home performed their own investigation of next of kin of Ludmilla Duchakoff. Finding none, Doyle Funeral Home petitioned the Probate Court of the District of Milford for permission to cremate the remains of Ludmilla Duchakoff. CT Page 2578
The decision to petition for cremation was made solely by Doyle Funeral Home. Mr. Gregory F. Doyle, a licensed funeral home director, testified that an earth burial is the alternative way to dispose of remains. Mr. Doyle testified that he petitioned for cremation instead of performing an earth burial because it would be easier if next of kin came forward at a later date to retrieve the remains. The Probate Court authorized the cremation of the remains pursuant to said authorization the Doyle Funeral Home caused the remains of Ludmilia Ouchakoff to be cremated on January 15, 1988.
The plaintiff, the sister of Ludmilia Ouchakoff, commenced an action against the City of Milford for damages allegedly arising from the negligence of the city through its police department in failing to use due diligence in locating the next of kin and in failing to petition the probate court for custody of her body. In her complaint, the plaintiff alleges that "cremation is a violation of the tenets of the Russian Orthodox faith to which the plaintiff and Ludmilia Ouchakoff belong." (See complaint.) The plaintiff further alleges that "the Russian Orthodox Church has refused to hold burial services for Ludmilia Ouchakoff". (See complaint.) The plaintiff's alleged injuries or damages stem from the allegation that the body of Ludmilia Ouchakoff was cremated.
The defendant's motion to implead the Doyle Funeral Home as a third party defendant was granted on April 30, 1990. In accordance with said order, the defendant/third party plaintiff has served the third party complaint upon the Doyle Funeral Home. In that complaint the City of Milford alleges that the third party defendant was in control of the situation and that if the cremation was negligent it was the third party defendant's negligence rather than its own which caused the injury. The third party complaint in no way spells out how the third party defendant was negligent or what conduct of it constituted negligence.
The Doyle Funeral Home has moved for summary judgment on the basis that the statute of limitations bars the third party claim for indemnification, that the funeral home was not in exclusive control of the remains, and that the cremation was approved by the probate court.
LAW
With reference to the statute of limitations arguments, Ludmilia Ouchakoff died on January 11, 1988 and was cremated on CT Page 2579 January 15, 1988. The underlying action was instituted on January 11, 1990 and the third party complaint was filed on April 4, 1990, more than two years from the act of omission complained of. The third party defendant maintains that because this action sounds in negligence that the two year limitations period set forth in C.G.S.52-584 controls. The third party plaintiff claims that its action is governed by the three year limitations period under 52-577 or, in the alternative, if 52-584 is in fact the controlling statute it is the three year period set forth therein which is controlling. There are Superior Court cases on each side of the issue.
This court is persuaded that because the third party complaint is one for indemnification, that C.G.S. 52-577 and not 52-584 is applicable. Even if 52-584 were involved here, the court further finds that the three year limitations period therein is controlling. In either event, the third party complaint was brought within three years of the events in question and therefore summary judgment is denied on that basis. See Saunders v. Cocchiola, 7 Conn. L. Rptr. No. 4, 120 (August 17, 1992).
As to the second and third grounds for the summary judgment the court concludes there is a basis for granting it. In both the third party complaint and its brief in opposition to the motion for summary judgment, the City of Milford either misunderstands the complaint or attempts to couch it in terms other than that alleged.
All the plaintiff alleges against the city is its negligence in not doing an adequate search for next of kin and failing to petition for control of the body, which resulted ultimately in the disposition of the deceased's remains by cremation.
In paragraph four of the third party complaint, the City of Milford alleged "[i]f the cremation of the deceased Ludmilia Ouchakoff was negligent, it was the third party defendant's negligence . . . that was the direct and immediate cause of the loss and injuries claimed." In its brief in opposition to the Motion for Summary Judgment, the third party plaintiff claims "[t]he key issue is the plaintiff's action is cremation versus conventional earth burial" and "the crux of the plaintiff's complaint focuses on the cremation of the decedent." That simply is not the case. The key issue in the complaint is the alleged negligence of the City of Milford in failing to discover next of kin and, in the third party complaint, the issue of exclusive control and negligence on the party of the Doyle Funeral Home. CT Page 2580
Both parties in their briefs cite C.G.S. 19c-408 which states, insofar as it is applicable here, "the body shall be delivered to a person or persons entitled by law to receive the same, but if there is no such persons who will take charge of and dispose of the body, then to the proper authority of the town. . . ." It is clear that it was the city which took control of the body, made efforts through its police department to locate next of kin under the name of Ludmilla Duchakoff, found no next of kin under that name, and pursuant to their arrangements with funeral directors in Milford, had the remains sent to the Doyle Funeral Home. That arrangement, as set forth in both parties' briefs, was that local funeral directors would accept from the city on a rotating basis the remains of decedent's with no known next of kin for final disposition. Having received those remains, the Doyle Funeral Home applied to the Milford Probate Court for permission to cremate the remains, a cremation order was signed by the probate judge on January 14, 1988 and the body was cremated on January 15, 1988.
The city in the third party complaint alleges that the funeral home was in control of the situation to the exclusion of the city. That simply is not so. The affidavit of Judge Joy was to the effect that the Milford Police found the body of a person they identified as Ludmilla Duchakoff on January 11, 1988, that Officer Gregory Kopazna was conducting a complete investigation to determine her next of kin and that no next of kin was discovered. The fact that the funeral home took custody of the body for the purpose of final disposition in no way takes control of the situation away from the city. On the contrary, the fact that the city was conducting a "complete investigation" to determine next of kin, which was their obligation, negates any claim that the third party defendant was in exclusive control of the situation. There simply is no dispute as to that fact.
For that reason summary judgment is granted in favor of the third party defendant.
Gormley, J. CT Page 2581